UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANIEL GILLIAM,

    Petitioner,

  v.

GLENN GOORD,

    Respondent.

**ORDER**
03-CV-0607F

---

  Petitioner filed a petition for habeas corpus relief, pursuant to 28 U.S.C. § 2254, on August 8, 2003. (Docket No. 1). On August 21, 2003, the Court granted petitioner permission to proceed as a poor person and ordered that he choose one of four options regarding how he wished to proceed because it appeared from the petition that he had not exhausted his state court remedies with respect to each of the grounds for habeas relief raised in the petition. (Docket No. 3). By Order filed November 10, 2003 (Docket No. 5), the Court directed that, to the extent petitioner's claims in his petition for a writ of habeas corpus were unexhausted, the claims were dismissed without prejudice, subject to the condition that petitioner seek to exhaust the claims in state court and then immediately return to this Court. *See Zarvela v. Artuz*, 254 F.3d 374 (2d Cir.), *cert. denied sub. nom. Fischer v. Zarvela*, 534 U.S. 1015 (2001). Now before the Court is petitioner's motion (Docket No. 9) to lift the stay because the New York Court of Appeals denied his application for leave to appeal from the denial of his application for a writ of error *coram nobis*. (Docket No. 9, Certificate Denying Leave attached to Notice of Motion to Lift Stay). Accordingly,

IT IS HEREBY ORDERED

1.     Petitioner's motion to lift the stay (Docket No. 9) is GRANTED and the abeyance order of November 10, 2003 is hereby rescinded and the claims dismissed by that order are hereby reinstated in the case.

2.     Pursuant to Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts, respondent shall file an **answer** to the petition with the Clerk of Court (and also serve a copy upon petitioner) no later than **July 8, 2005**. The answer shall respond to the allegations of the petition and shall state, as to every ground raised by petitioner, whether petitioner has exhausted state remedies, including any available post-conviction remedies. **If any ground is alleged not to have been exhausted, respondent shall identify such ground and expressly state whether it waives petitioner's requirement to exhaust.** Further, the answer shall state whether a trial or any pre-trial or post-trial evidentiary proceeding was conducted. If any such proceeding was conducted, under the authority of Rule 4, the Court hereby directs respondent to provide to the Court the transcript of the proceeding, together with any record(s) of such proceeding, and such documents will be filed in the official record of this case.

Respondent also shall file by the above date a **memorandum of law** with the Clerk of Court (and also serve a copy upon petitioner) addressing each of the issues raised in the petition and including citations of relevant supporting authority.

Within thirty (30) days of the date this order is served upon the custodian of the records, the Clerk of Court or any other official having custody of the records of the

proceedings in Court at issue now before this Court shall submit such records to respondent or the respondent's duly authorized representative.

If petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, under the authority of Rule 4, the Court hereby directs respondent to provide to the Court a copy of the briefs on appeal and the opinions of the appellate courts, if any, and such documents will be filed in the official record of this case.

Petitioner shall have thirty (30) days upon receipt of the answer to file a written response to the answer and memorandum of law.

Within thirty (30) days of the date this order is filed with the Clerk of Court, respondent may file a motion for a more definite statement or a motion to dismiss the petition, accompanied by appropriate exhibits which demonstrate that an answer to the petition is unnecessary. The timely filing of such motion shall extend the time for filing an answer for fourteen (14) days, but the failure of the Court to act upon the motion within that time shall not further extend the time for filing an answer.

3. The Clerk of Court shall serve a copy of the petition, together with a copy of this order, by certified mail, upon Dale Artus, Superintendent of Clinton Correctional Facility and upon the Assistant Attorney General in Charge, Statler Towers, 4th Floor, 107 Delaware Avenue, Buffalo, New York 14202. To advise appropriate Chemung County officials of the pendency of this proceeding, the Clerk of Court shall also mail a copy of this order to the District Attorney of Chemung County.

4. The Clerk of the Court is directed to terminate Glenn Goord as respondent,

add Dale Artus, Superintendent of the Clinton Correctional Facility as the new respondent, and revise the caption of this action accordingly.

**PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY APPEARING FOR RESPONDENT.**

SO ORDERED.

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:   May 23, 2005
         Buffalo, New York